# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

JAMES GRASS,

    Plaintiff,

vs.

                                                                                                              Civ. No. 01-1006 MV/DJS

BERNALILLO COUNTY SHERIFF'S
DEPARTMENT, DEPUTY SHERIFF
XAVIER TAPIA, SERGEANT RENEE
OLLRICH, CAPTAIN DON RALEY,
BERNALILLO COUNTY DETENTION
CENTER, ALBUQUERQUE ANIMAL
CONTROL,

    Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on Defendant City of Albuquerque's Motion to Set Aside Default **[Doc. Nos. 9 & 10]**. The Court, having reviewed the motion, briefs, relevant law, and being otherwise fully advised, finds that the motion is well taken and will be **GRANTED**.

## BACKGROUND

On August 31, 2001, Plaintiff James Grass filed a Motion for Summary Judgment and Immediate Injunctive Relief **[Doc. No. 1]**, which has been designated as the Complaint. On September 19, 2001, an employee of the U.S. Marshal's Service certified to the Court that an

attempt to serve Defendant Albuquerque Animal Control[1] at One Civic Plaza, Albuquerque, New Mexico had been made, but the Summons and Complaint were returned unexecuted because the defendant was not located at that address. On October 12, 2001, Plaintiff filed a Motion to Show Cause, Motion to be Held in Civil and Criminal Contempt, and Motion for Emergency Injunction Relief **[Doc. No. 3]**.

On October 22, 2001, Plaintiff filed a Motion for Default Judgment **[Doc. No. 5]**, and the Clerk's Entry of Default **[Doc. No. 8]** as to Defendant Albuquerque Animal Control was filed on October 23, 2001. Defendant City of Albuquerque moved this court on October 26, 2001, **[Doc. Nos. 9 & 10]** to set aside the default judgment because it had not been properly served.

## ANALYSIS

Rule 55(a) of the Federal Rules of Civil Procedure provides that the clerk shall make an entry of default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise." However, "[f]or good cause shown the court may set aside an entry of default . . . ." Fed. R. Civ. P. 55(c). Likewise, "[o]n motion and upon such terms as are just, the court may relieve a party . . . from a final judgment [for] . . . any reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60.

In this case, Defendant moves the Court to set aside the entry of default because it was

---

[1] The Court notes that this defendant's proper name is the Animal Services Division of the City of Albuquerque's Environmental Health Department, as stated in Defendant's Answer **[Doc. No. 11]**. Any reference to Defendant Albuquerque Animal Control will be synonymous with the City of Albuquerque and the Animal Services Division of its Environmental Health Department.

unaware of the current action until Plaintiff served the Motion for Default Judgment **[Doc. No. 5]**. Defendant argues that since it had not been served with the Summons and Complaint, it did not have the opportunity to defend against Plaintiff's allegations. Thus, a default judgment would be improper under the circumstances.

Rule 4 of the Federal Rules of Civil Procedure require a plaintiff so serve a summons and complaint on a defendant, which notifies the defendant that failure to appear and defend against the complaint will result in a default judgment. Rule 4(j) sets forth service upon local governments:

> Service upon a state, municipal corporation, or other governmental organization subject to suit shall be effected by delivering a copy of the summons and of the complaint to its chief executive officer or by serving the summons and complaint in the manner prescribed by the law of that state for the service of summons or other like process upon any such defendant.

As indicated by the return of service, the Summons and Complaint was not properly served upon Defendant. It is unfair and contrary to the explicit provisions of the Federal Rules of Civil Procedure to expect Defendant to respond to Plaintiff's Complaint, and subsequently enter a default judgment for its failure to do so, if Defendant was never notified of its obligations.

## CONCLUSION

**IT IS THEREFORE ORDERED** that Defendant' Motion Set Aside Default Judgment is hereby **GRANTED**.

DATED this 17th day of December, 2001.

_____
MARTHA VAZQUEZ
U. S. DISTRICT COURT JUDGE

<u>Plaintiff</u> (*pro se*)
James Grass


<u>Attorneys for Defendants</u>
Charles W. Kolberg, Esq.
William D. Slease, Esq.
Jonlyn M. Martinez, Esq.
Christina Robles Anaya, Esq.