FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO
JAN 18 2002

CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JAMES GRASS,

    Plaintiff,

vs.                                               Civ. No. **01-1006 MCA/DJS**

BERNALILLO COUNTY SHERIFF'S
DEPARTMENT, DEPUTY SHERIFF
XAVIER TAPIA, SERGEANT RENEE
OLLRICH, CAPTAIN DON RALEY,
BERNALILLO COUNTY DETENTION
CENTER, ALBUQUERQUE ANIMAL
CONTROL,

    Defendant.

### MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Plaintiff's Motion to Show Cause, Motion to be Held in Civil and Criminal Contempt, and Motion for Emergency Injunction Relief, filed on October 12, 2001. The Court having considered the motions filed by Plaintiff on October 12, 2001, the relevant law, and being otherwise fully informed finds that these motions are not well taken and will be **DENIED without prejudice**.

I. **Background**

On August 31, 2001, Plaintiff James Grass filed a document entitled "Motion for Summary Judgment and Immediate Injunction Relief," which has been designated as the Complaint. Plaintiff then filed a Motion to Show Cause, Motion



to be Held in Civil and Criminal Contempt, and Motion for Emergency Injunction Relief on October 12, 2001. Attached to the motions filed on October 12, 2001, was a note stating that: "I certify this motion to show cause motion to be held in criminal contempt to the parties October 12, 2001."

On September 19, 2001, an employee of the U.S. Marshal's Service certified that an attempt had been made to serve Defendant Albuquerque Animal Control (a/k/a the Animal Services Division of the City of Albuquerque's Environmental Health Department), but the Summons and Complaint subsequently were returned unexecuted because that defendant was not located at the specified address. The City's Animal Services Division subsequently answered the Complaint on October 30, 2001, after it received notice of the entry of default. The default was set aside by this Court on December 17, 2001. According to court records, the county defendants and the Bernalillo County Detention Center (BCDC) were served with the Summons and Complaint on November 6, 2001. Defendant BCDC filed its answer to the Complaint on November 19, 2001, and the county defendants answered the Complaint on November 20, 2001.

## II.  Discussion

According to the Federal Rules of Civil Procedure, "[n]o preliminary injunction shall be issued without notice to the adverse party." Fed. R. Civ. P. 65(a)(1). The rules also require that "every written motion . . . shall be served upon each of the parties," Fed. R. Civ. P. 5(a), and "together with a certificate of service, must be filed within a reasonable time after service," Fed. R. Civ. P. 5(d). Thus, the Court may not even consider the motions filed by Plaintiff on October 12, 2001, unless and until Defendants have been properly served with these motions, as well as the Summons and Complaint. According to the record, none

of the defendants had even been served the Summons and Complaint when Plaintiff filed his motions on October 12, 2001. Moreover, the Court finds that Plaintiff did not properly certify that he served a copy of these motions on all of the named defendants. Without adequate service, the Court has no choice but to deny the motions filed by Plaintiff on October 12, 2001.

### III. Conclusion

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Show Cause, Motion to be Held in Civil and Criminal Contempt, and Motion for Emergency Injunction Relief filed on October 12, 2001, are hereby **DENIED without prejudice**. If Plaintiff elects to file a renewed motion for preliminary injunctive relief, the rules require such motion to be properly served on all Defendants and to include a complete and accurate certificate of service.

DATED in Albuquerque this _16_ th day of January, 2002.

M. CHRISTINA ARMIJO
UNITED STATES DISTRICT JUDGE

Plaintiff (pro se)
James Grass

Attorneys for Defendants
Charles W. Kolberg, Esq.
William D. Slease, Esq.
Jonlyn M. Martinez, Esq.
Christina Robles Anaya, Esq.